# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-00857-R-KK | Date | 07-11-19 |
|---|---|---|---|
| Title | *Dandy Aaenson v. Ziplane Transportation, LLC, et al.* | | |

Present: The Honorable **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Christine Chung | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand Case (DE 7)

## I. INTRODUCTION

On January 23, 2019, Plaintiff Dandy Aaenson ("Plaintiff") filed a Complaint in San Bernardino County Superior Court against Defendants Ziplane Transportation, LLC and Jesus Rene Valenzuela (collectively, "Defendants") asserting claims for (1) motor vehicle personal injury and (2) general negligence. Defendants' counsel accepted service on their behalf and filed an Answer on March 19, 2019.

Plaintiff's claims arise out of a traffic collision in which Plaintiff's vehicle was caused to collide with another vehicle and fall down an embankment on the side of Interstate-15 as a result of an alleged unsafe lane change by Defendant Valenzuela, who was operating a semi-truck owned by Defendant Ziplane Transportation. The case was removed to federal court on May 3, 2019 on the basis of diversity jurisdiction. (DE 1). Plaintiff now moves to remand the case to San Bernardino County Superior Court on the ground that Defendants failed to timely remove within 30 days after having notice that Plaintiff's damages exceeded $75,000. For the following reasons, the Court **DENIES** Plaintiff's motion.

## II. FACTUAL BACKGROUND

Plaintiff contends that Defendants had notice that the amount in controversy in this action exceeded the $75,000 jurisdictional threshold no later than March 13, 2019, when Plaintiff's counsel informed defense counsel during a telephone conference that the case "is worth high six figures."

The Complaint is silent as to the amount in controversy, and Plaintiff's Statement of Damages dated April 23, 2019 indicated that Plaintiff's "damages are unknown at the present time, as previously indicated to counsel, with the exception of known medical expenses of $16,009.98." (DE 9-4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00857-R-KK | Date | 07-11-19 |
|---|---|---|---|
| Title | ***Dandy Aaenson v. Ziplane Transportation, LLC, et al.*** | | |

Defendants filed a Notice of Removal on May 3, 2019, two days after receiving an email from Plaintiff's counsel stating that the damages sought in this case exceeded $75,000. (DE 9-5).

## III. JUDICIAL STANDARD

28 U.S.C. § 1446(b)(1) provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Section 1446(b)(3) further provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." That 'other paper' does not include any document received prior to receipt of the initial pleading." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (citing *United States v. Williams*, 553 U.S. 285, 294 (2008)). Rather, notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

## IV. DISCUSSION

Here, Plaintiff bases his argument for removal on a telephonic conversation that occurred prior to Defendants even being served with the Summons and Complaint. Neither the initial pleading nor Plaintiff's Statement of Damages provided grounds for removal. The March 13, 2019 conversation, regardless of its contents, does not qualify as an "other paper from which it may first be ascertained that the case is one which is or has become removable." Defendants did not receive notice that the amount in controversy exceeded $75,000 until May 1, 2019, after which Defendants timely removed the case to federal court.

## V. CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion to Remand. (DE 7).

**IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | cch |